1
2
3
4
5
6
7
8   UNITED STATES DISTRICT COURT
    WESTERN DISTRICT OF WASHINGTON
9   AT SEATTLE

10  ADIL LAHRICHI,

11              Plaintiff,
                                        CASE NO. C04-2124C
12        v.
                                        ORDER
13  LUMERA CORPORATION, a Delaware
    corporation; MICROVISION, INC., a Delaware
14  corporation; and THOMAS D. MINO,

15              Defendants.

16
        This matter comes before the Court on Defendants' Motion to Amend Answer (Dkt. No. 18).
17
    The Court has considered the papers filed by the parties and determined that oral argument is not
18
    necessary.  The Court hereby finds and rules as follows.
19
        Defendants request leave to amend their Answer to incorporate facts learned during discovery.
20
    Plaintiff states that he does not object to two of the three proposed amended factual allegations and
21
    presents no argument whatsoever as to the third factual allegation.  (Pl.'s Resp. at 1-2.)  The Court
22
    construes this failure to respond as confirmation that the amendment has merit.  Since there is no dispute
23
    regarding the amendments to Paragraphs 23-25, and 35 of Defendants' Answer, the Court grants
24
    Defendants leave to amend these factual allegations.
25
26  ORDER – 1

Defendants also move to amend their Answer to add an after-acquired evidence defense. This defense is grounded on two sets of facts: 1) Plaintiff violated a Confidentiality and Inventions Agreement by taking personal possession of confidential and proprietary company documents while he still had full access to Defendant Lumera's server and files, with the intention of retaining those documents after his departure from the company, and indeed failed to return them after his departure; 2) Plaintiff failed to disclose material facts about the involuntary termination of his previous employment. (Defs.' Mot. at 5.)

Leave to amend shall be freely granted when justice so requires. Fed. R. Civ. P. 15(a). The grant or denial of an opportunity to amend is within the discretion of the district court. *Davis v. Foman*, 371 U.S. 178, 182 (1962). The leave sought should be granted absent undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility of amendment. *Id.* A proposed amendment is futile or frivolous only if no set of facts can be proved under the amendment that would constitute a valid and sufficient claim or defense. *Miller v. Rykoff-Sesxton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

Plaintiff objects to Defendants' proposed amendment, asserting that it would be futile.[1] An after-acquired evidence defense is available where, after termination, it is discovered that the employee has engaged in wrongdoing during his or her employment which was of such severity the employer would have lawfully terminated that employee had it known of the wrongdoing at the time of discharge. *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 361-62 (1995). Plaintiff asserts that he did not retain company documents until <u>after</u> he was terminated and told to clear his office, thus it would not have served as a lawful basis for dismissal. (Pl.'s Resp. at 3-4.) Defendants respond that Defendant Lumera did not terminate Plaintiff, and that his conduct occurred <u>before</u> he departed from the company. (Defs. Reply at 3.)

The parties engage in a similar debate as to Defendants' second basis for asserting an after-acquired evidence defense. Plaintiff asserts that he was not involuntarily terminated by his previous

---

[1] Plaintiff does not argue that Defendants' proposed amendment is sought in bad faith or causes undue delay or undue prejudice. Thus, the Court finds it need not address these factors.

ORDER – 2

1  employer, thus he could not have been discharged for failing to disclose a material fact while he was
2  interviewing for a managerial position at Lumera. (Pl.'s Resp. at 4.) Defendants respond that he was
3  essentially terminated and he should have disclosed this information to Lumera as a potential employer.
4  (Defs.' Reply at 4.) These are factual disputes. They do not demonstrate that there is no set of facts that
5  could support Defendants' after-acquired evidence defense. Accordingly, Defendants should have the
6  opportunity to present their theory of the case, including their version of the facts. At the pleading stage,
7  the party opposing amendment faces a heavy burden to show that there are no factual circumstances
8  under which the proposed amendment could be supported. In the case at bar, Plaintiff has failed to meet
9  this burden.

Defendants' Motion to Amend is GRANTED in its entirety. Counsel are directed to e-file Plaintiff's Amended Answer.

SO ORDERED this   2nd   day of August, 2005.

UNITED STATES DISTRICT JUDGE

ORDER – 3