UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ADIL LAHRICHI,

        Plaintiff,

   v.

LUMERA CORPORATION, a Delaware corporation; MICROVISION, INC., a Delaware corporation; and THOMAS D. MINO,

        Defendants.

CASE NO. C04-2124C

MINUTE ORDER

    The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

    This matter comes before the Court on the parties' joint motion for a telephonic hearing on a discovery dispute (*see* Dkt. No. 33) and their subsequent submission of written cross-motions to compel requested by this Court upon scheduling the hearing. Having reviewed Plaintiff's Brief in Support of His Motion To Compel Financial Information from Defendant Mino, and in Opposition to Defendants' Motion To Obtain All of Plaintiff's Family's Bank Records (Dkt. No. 37) ("Pl.'s Mot.") and accompanying exhibits (Dkt. No. 38) and Defendants' Brief Regarding Production of Personal Financial Records of Plaintiff Lahrichi and Defendant Mino (Dkt. No. 39) ("Defs.' Mot.") and accompanying

MINUTE ORDER – 1

exhibits (Dkt. No. 40), and determining that a hearing is unnecessary, this Court finds and rules as follows.

The disputes here involve the extent to which each side must produce financial records to the other. The Court will address each of the requests in turn.

**I.  PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DEFENDANT MINO'S FINANCIAL RECORDS**

Plaintiff's requests at issue here are embodied by four requests for production from his Fourth Interrogatories and Requests for Production, to Defendants Lumera and Mino. (*See* Pl.'s Mot., Frank Decl. Ex. 1; Defs.' Mot., Wilkinson Decl. Ex. A.) The documents Plaintiff seeks are:

**(a)** federal income tax records for Defendant Mino from 2001 through the present (Req. for Produc. 45);

**(b)** documents related to any and every bonus Defendant Mino has received between 2001 and the present (Req. for Produc. 46);

**(c)** copies of pages of every brokerage account that Defendant Mino has which describe the total value of his stock and bond holdings (Req. for Produc. 47); and

**(d)** documentation of all of Defendant Mino's regular debt obligations related to mortgages, child support, alimony, etc. (Req. for Produc. 48).

Plaintiff claims that these documents are relevant to his punitive damages claim and that the parties' stipulated "confidential" protective order currently in force (*see* Pl.'s Mot., Frank Decl. Ex. 2; Stipulated Protective Order (Dkt. No. 14)) would adequately protect Defendant Mino's privacy concerns if it were applied to the requested documents, and thus that no additional protective order is necessary. Defendants object to Plaintiff's requests (a), (c), and (d) on the basis that they are overbroad, seek private and confidential information, and are not reasonably calculated to lead to admissible evidence; Defendants further argue that request (b) seeks private and confidential information and is not reasonably calculated to lead to admissible evidence. Defendants also oppose any discovery of *past* financial records. In

MINUTE ORDER – 2

addition, Defendants seek a "Highly Confidential—Attorney's Eyes Only" protective order (*see* Defs.' Mot., Wilkinson Decl. Ex. E) governing any production of *current* records. Finally, Defendants object to requests (c) and (d) on the basis that no finite time period is specified.

Plaintiff has convinced this Court that his punitive damages claim makes most, but not all, of the requested financial documents relevant and discoverable. Further, the Court finds the Plaintiff's suggestion to apply only the existing protective order inadequate to protect Defendant Mino's privacy, but also finds Defendants' request for an "attorneys-only" protective order too restrictive. For these reasons, Plaintiff's motion to compel production of Defendant Mino's financial records is GRANTED in part and DENIED in part, subject to the conditions of this order.

## II. DEFENDANTS' MOTION TO COMPEL PRODUCTION OF PLAINTIFF LAHRICHI'S FINANCIAL RECORDS

Defendants' requests at issue here are embodied by one request for production in Defendants' Third Requests for Production to Plaintiff and Plaintiff's answer thereto. (*See* Defs.' Mot., Wilkinson Decl. Ex. J, Req. for Produc. 1.) The documents Defendants seek are:

**(a)** all of Plaintiff Lahrichi's bank account records from January 2001 to the present, including but not limited to statements, check registers, cancelled checks, and electronic banking records; and

**(b)** Plaintiff Lahrichi's 2004 tax return, which he has agreed to provide but not yet done.

Defendants argue that Plaintiff's financial records, particularly the banking records, are highly relevant. Defendants seek this information to test Plaintiff's claim that he suffered financially as a result of Defendants' conduct and to assess his financial vulnerability in the time frame at issue in this lawsuit. Plaintiff objects that the request for bank statements and related financial records is unduly burdensome, overbroad, intrusive, and not likely to lead to admissible evidence. Plaintiff further argues that the bank records have no bearing on his economic damages due to losing his job or the punitive damages calculations. Defendants suggest, in acknowledgment of Plaintiff's privacy objection, that the same

MINUTE ORDER – 3

"attorneys-only" protective order they suggested for Defendant Mino's records also be applied to Plaintiff's financial records. (*See* Defs.' Mot., Wilkinson Decl. Ex. E.)

Defendant has not convinced the Court that all of the above information is relevant and discoverable. Plaintiff's past collateral sources, if any, are not relevant to the damages claims discussed by the parties' briefs, but Plaintiff's income as reflected on his tax returns is relevant (and this is not disputed). Further, his *current* financial situation (to the extent it cannot yet—or will not—be reflected in a tax return for tax year 2005) is discoverable. The Court notes that the request for check registers, cancelled checks, and the like is unduly burdensome and would be cumulative to bank statements alone. For these reasons, Defendants' motion to compel production of Plaintiff Lahrichi's financial records is GRANTED in part and DENIED in part, subject to the conditions of this order.

### III. CONCLUSION

The Court hereby ORDERS as follows:

(1) Plaintiff's motion to compel production of Defendant Mino's financial records is GRANTED in part and DENIED in part, as follows:

   (a) As to Plaintiff's Requests for Production 45 and 46, Defendant Mino shall produce both his tax records and bonus records from 2001 to the present.

   (b) As to Plaintiff's Request for Production 47, Defendant Mino shall produce copies of every statement for every brokerage account that he has, sufficient to describe the total value of his *current* stock and bond holdings. "Current" means anything held in tax year 2005.

   (c) As to Plaintiff's Request for Production 48, Defendant Mino shall produce documentation of all regular debt obligations related to mortgages, child support, alimony, or any other type, payable in tax year 2005.

//
//
//

MINUTE ORDER – 4

(2) Defendant's request for a heightened protective order regarding financial documents is hereby GRANTED in part and DENIED in part, as follows:

  (a) Materials produced pursuant to Order 1 may be disclosed only to the following persons: (i) counsel of record for any party to this action; (ii) those assisting counsel for any party to this action; (iii) this Court, including personnel and court reporters engaged in proceedings that are necessarily incidental to preparation for trial and the actual trial of this action; (iv) any outside expert, consultant, or investigator retained by any party in connection with this action, to the extent that such disclosure is necessary in connection with this action; and (v) the parties themselves.

  (b) Plaintiff shall only use the documents produced pursuant to Order 1 for purposes of this litigation and shall ensure that no persons except those listed in Order 2(a) have access to the documents or the information therein.  The documents produced pursuant to Order 1 shall not be docketed for any reason unless they are designated "HIGHLY CONFIDENTIAL—SEALED SUBJECT TO COURT ORDER" and also filed under seal.  Any pleadings and court filings that incorporate, disclose, or refer to the documents produced pursuant to Order 1 also shall be designated "HIGHLY CONFIDENTIAL—SEALED SUBJECT TO COURT ORDER" and filed under seal.  The documents produced pursuant to Order 1 shall not be available to the public or to non-expert witnesses unless and until they become necessary as part of Plaintiff's presentation at trial and then are released by order of this Court.  The provisions of the parties' Stipulated Protective Order, dated December 22, 2004 (Dkt. No. 14) apply to documents produced pursuant to Order 1, except where those provisions differ from this Order.  Further, documents produced pursuant to Order 1 shall be considered "highly confidential" even without an actual designation as such on their face, envelope, or container.

//

//

MINUTE ORDER – 5

(3) Defendants' motion to compel production of Plaintiff Lahrichi's financial records is GRANTED in part and DENIED in part, as follows:

(a) As to Defendants' request for production of Plaintiff's "bank account records from January 2001 to the present, including but not limited to statements, check registers, cancelled checks, and electronic banking records," Plaintiff shall produce his *bank statements* for tax year 2005 only, but *not* bank statements or bank records of any kind for any other year. Further, the request for other banking materials, such as check registers, cancelled checks, and electronic banking records (beyond bank statements) is DENIED for all years.

(b) As to Defendants' repeated request for production of Plaintiff's 2004 income tax return, Plaintiff shall produce it immediately if it is complete and has been filed with the IRS, or, in the alternative, as soon as it is complete and filed.

(c) The same heightened protective order defined in Order 2(a) shall apply to materials produced pursuant to Orders 3(a) and 3(b), and Order 2(a) is hereby incorporated by reference as to documents Plaintiff must produce to Defendants pursuant to Orders 3(a) and 3(b).

(d) Defendants shall only use the documents produced pursuant to Orders 3(a) and 3(b) for purposes of this litigation and shall ensure that no persons except those listed in Order 2(a) have access to the documents or the information therein. The documents produced pursuant to Orders 3(a) and 3(b) shall not be docketed for any reason unless they are designated "HIGHLY CONFIDENTIAL—SEALED SUBJECT TO COURT ORDER" and also filed under seal. Any pleadings and court filings that incorporate, disclose, or refer to the documents produced pursuant to Orders 3(a) and 3(b) also shall be designated "HIGHLY CONFIDENTIAL—SEALED SUBJECT TO COURT ORDER" and filed under seal. The documents produced pursuant to Orders 3(a) and 3(b) shall not be available to the public or to non-expert witnesses unless and until they become necessary as part of Defendants' presentation at trial and then are released by order of this Court. The provisions of the parties' Stipulated Protective Order, dated December

MINUTE ORDER – 6

22, 2004 (Dkt. No. 14) apply to documents produced pursuant to Orders 3(a) and 3(b), except where those provisions differ from this Order. Further, documents produced pursuant to Orders 3(a) and 3(b) shall be considered "highly confidential" even without an actual designation as such on their face, envelope, or container.

DATED this 30th day of September, 2005.

                            BRUCE RIFKIN, Clerk of Court

                            By  */s/ C. Ledesma*
                                  Deputy Clerk

MINUTE ORDER – 7