UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ADIL LAHRICHI,

            Plaintiff,

    v.

LUMERA CORPORATION, a Delaware corporation; MICROVISION, INC., a Delaware corporation; and THOMAS D. MINO,

            Defendants.

CASE NO. C04-2124C

ORDER

    This matter comes before the Court on Plaintiff's Motion for Reconsideration (Dkt. No. 159) of this Court's March 2, 2006 Order granting summary judgment for Defendants (Dkt. No. 155). The Court hereby finds and rules as follows.

    This is a race and religious discrimination case where Plaintiff alleged violations of Title VII, the Washington Law Against Discrimination, and 42 U.S.C. § 1981 against Defendants Thomas Mino and Lumera Corporation. In addition, Plaintiff brought claims for intentional and negligent infliction of emotional distress against Defendant Mino and negligent supervision against Defendant Microvision, Inc. On March 2, 2006, this Court granted summary judgment for Defendants and dismissed the case. Plaintiff proceeds *pro se* in bringing this motion.

ORDER – 1

1   Motions for reconsideration are governed by Local Civil Rule 7(h)(1), which provides in pertinent
2   part that "[m]otions for reconsideration are disfavored" and that the Court "will ordinarily deny such
3   motions in the absence of a showing of manifest error in the prior ruling." Local Rules W.D. Wash. CR
4   7(h)(1). Here, Plaintiff argues that the Court improperly determined disputed material facts in
5   Defendants' favor, constituting manifest error. Plaintiff further assigns error to the Court in
6   impermissibly relying on hearsay evidence. Plaintiff also uses his motion as a forum to re-present
7   arguments that originally were presented in his oppositions to Defendants' summary judgment motions.

8   As to Plaintiff's assignment of error to the Court in "determining" disputed material facts in
9   Defendants' favor, the Court finds that all of the examples cited by Plaintiff of such alleged error suggest
10  Plaintiff's misunderstanding of the Court's findings, the relevance of the disputed facts, and the shifting
11  burdens on summary judgment in employment discrimination cases. The following discussion illustrates
12  that Plaintiff's assignments of error are without merit.

13  After Defendants came forth with a proffer of legitimate reasons for the adverse employment
14  action, the summary judgment burden shifted to Plaintiff to produce evidence that would raise a material
15  issue of fact for trial as to the believability of those reasons. *Dominguez-Curry v. Nevada Transp. Dep't*,
16  424 F.3d 1027, 1037 (9th Cir. 2005). Alternatively, Plaintiff could raise a material issue of fact about
17  whether discriminatory reasons for the action existed despite the believability of Defendants' reasons. *Id.*
18  at 1037, 1041. To survive summary judgment, Plaintiff's burden was to do more than make
19  argumentative assertions that material facts were in dispute on these matters. *Wallis v. J.R. Simplot Co.*,
20  26 F.3d 885, 890 (9th Cir. 1994).

21  In determining that Plaintiff could not produce evidence that could show that Mr. Mino's and
22  Lumera's proffered legitimate reasons for the adverse employment action were "unworthy of credence,"
23  the Court properly tested Plaintiff's evidence against his burden. (*See* Order 19–22.) Specifically, the

24
25
26  ORDER – 2

Court examined Mr. Mino's three proffered legitimate reasons[1] for the adverse employment action, taking all the facts in the light most favorable to Plaintiff. The Court found that Plaintiff had not presented specific and substantial evidence that could show at trial that these reasons were merely a pretext for discrimination. The Court's finding that several aspects of these reasons were undisputed (*e.g.*, Mr. Mino received complaints; Plaintiff had conflicts with Mr. Hu; Mr. Mino was the highest-ranking decisionmaker at Lumera) precluded a finding that there was a genuine issue of fact for trial as to whether Mr. Mino's reasons were pretextual. Plaintiff misunderstands this reasoning as meaning that the Court *believed* Mr. Mino's side of the story. To the contrary, the Court found that when it assumed that everything Plaintiff was saying was true as to disputed matters, the *un*disputed facts nevertheless stood in the way of there being a genuine issue of fact as to pretext. Thus, the disputed facts Plaintiff discusses were *not material* to the pretext inquiry.

Another instance of Plaintiff's misapprehended assignment of error to the Court's pretext analysis is his assertion that the Court ruled that Plaintiff was a bad manager. To the contrary, the Court acknowledged that the quality of Plaintiff's work and job performance was heavily disputed (Plaintiff and his expert thought he was doing a good job; Mr. Mino's position was that he was not), and found that *whether* he was doing a good job objectively or in anyone's opinion other than Mr. Mino's was *not material*. Plaintiff did not raise a genuine issue of fact as to the decisionmaker's perception.

Plaintiff's assignment of error to the Court's findings that there were no genuine issues of material fact as to the existence of discrimination (*see* Order 22–28) is similarly flawed. Regarding his evidence of discrimination, Plaintiff specifically discusses the alcohol-related events in his motion. Here too, the Court took all facts in the light most favorable to Plaintiff before finding that the alcohol-related events at

---

[1] These proffered reasons were (1) that Mr. Mino received complaints about Plaintiff's management style in addition to making his own direct observations of Plaintiff's unsatisfactory conduct; (2) Plaintiff had a conflict-ridden history with a particular employee (Mr. Hu); and (3) Mr. Mino was not satisfied with Plaintiff's work performance, particularly in that the team which Plaintiff led missed a project deadline.

ORDER – 3

Lumera could not support a finding of intentional discrimination at trial. This same approach governed the Court's discussion of all of Plaintiff's proffered evidence of discrimination, none of which could create a material issue of fact as to discriminatory intent.

As to Plaintiff's assertion that the Court impermissibly relied on hearsay evidence, the Court again notes that such an argument rests on misunderstanding the Court's consideration of the evidence. For example, Plaintiff disputes the nature and truth of the complaints about him. He says the complainants are lying and that they contradict themselves. Plaintiff asserts that the Court believed the substance of the complaints about him in error. However, the Court did not find that the complaints about Plaintiff were *true*; rather, the Court found that complaints were *made* to Mr. Mino. Finding that complaints were made was not dependent on hearsay evidence.

For the foregoing reasons, the Court finds that Plaintiff has failed to bear his CR 7(h)(1) burden of showing that the Court committed manifest error when it found no genuine issues of material fact for trial and granted summary judgment for Defendants in its March 2, 2006 Order. Plaintiff's motion for reconsideration is therefore DENIED.

SO ORDERED this 7th day of April, 2006.

*[signature: John C. Coughenour]*

John C. Coughenour
United States District Judge

ORDER – 4