UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ADIL LAHRICHI,

        Plaintiff,

    v.

LUMERA CORPORATION, a Delaware corporation; MICROVISION, INC., a Delaware corporation; and THOMAS D. MINO,

        Defendants.

CASE NO. C04-2124C

ORDER

This matter comes before the Court on the Ninth Circuit's Order (Dkt. No. 179) remanding this matter for the limited purpose of considering Plaintiff/Appellant's Motion to Retax Costs and Plaintiff's Motion to Implement Limited Remand, to Decide Retax Motion & Associated Motions Based Solely on Ninth Circuit Filings, & to Seal Portions of the Appendix to Motions (Dkt. No. 180), as well as the Ninth Circuit's subsequent Order (Dkt. No. 214) granting a limited remand to address requests to seal pre-remand documents on this Court's docket. The Court, having considered the papers submitted by the parties and determined that oral argument is unnecessary, hereby finds and rules as follows.

As to the procedural request that the Court consider the record created at the Ninth Circuit in this limited remand, the Court hereby GRANTS that request and finds that there is no reason to require

ORDER – 1

separate briefs here to conform to this Court's formatting requirements.  Accordingly, the Court will reach the merits of Plaintiff's Motion to Retax Costs and associated requests to seal those motion papers without further submissions by the parties, except as ordered herein.

**I.    MOTIONS TO SEAL**

Under Local Civil Rule CR 5(g)(1), there is a "strong presumption of public access to the court's files and records which may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting files, records, or documents from public review."  As a general matter, simply because documents produced or created in discovery were designated as "confidential" during discovery does not justify sealing them from public view when filed on the Court's docket.  Thus, the parties' blanket protective order allowing such sealing (Dkt. No. 14) is not a guarantee that sealed items meet the test of Local Rule 5(g).  In the instant case, it is undisputed that sensitive financial and medical records were ordered produced by both sides.  Accordingly, the Court entered several heightened protective orders in conjunction with discovery orders (Dkt. Nos. 45, 54, 126), going beyond the parties' stipulated general protective order with respect to certain types of documents.  The Court has already determined that the sensitive discovery ordered produced in those subsequent orders may be sealed as a general matter.  Nevertheless, the Court may independently review the propriety of sealing documents under Rule 5(g) at any time during the litigation and may *sua sponte* revise protective orders to the extent that they allow overbroad sealing.  Rule 5(g) continues to apply, particularly where it is unclear whether specific content fits into the categories intended to be sealed pursuant to heightened protective orders.  With the foregoing in mind, the Court now turns to various requests to seal, both that Plaintiff has indicated that he will be making shortly as to pre-remand documents and that he already has made in submitting "sealed" remand papers to this Court.

    **A.    Pre-Remand Documents**

As to the pre-remand docket postings in this case as a whole (*i.e.*, Dkt. Nos. 1–178), the Court acknowledges that some documents containing content that ought to be sealed are publicly accessible,

ORDER – 2

due to the parties' failure to seal or redact sealable content when filing or to raise objections at the time such documents were filed. For example, the parties' collective submissions regarding Defendants' motion to compel the production of Plaintiff's minor child's medical records (Dkt. Nos. 48–53)—a motion which was later withdrawn and never ruled on by this Court—contain information that should be sealed. Likewise, Plaintiff has pointed to a Declaration (Dkt. No. 40) that contains information that should be sealed. However, with the exception of these few documents already identified by the parties, it is unclear which exhaustive set of documents—or more likely which *portions* of documents—should be concealed from public view. The Court declines to comb the thousands of pages on a docket that now includes over 200 entries to answer these questions. Instead, the Court will review *specific* requests to seal pre-remand documents if the parties choose to make such requests, as follows.

All requests to seal must specify the particular reason that the information should be sealed, referring not simply to protective orders, but also to the standard in Rule 5(g) in particularized terms (*i.e.*, a simple citation to "Rule 5(g)" is insufficient). Requests must clearly demonstrate that the information is routinely subject to sealing (*i.e.*, identifying information regarding minors, bank account numbers, social security numbers, birth dates, contact information, etc.) or subject to sealing in this particular case (*i.e.*, particular medical or financial information). All requests to seal must also be accompanied by proposed redacted versions of the documents to be sealed, which may be posted as unsealed publicly accessible versions of the sealed documents and linked to the sealed versions for identification. The guiding principle here is that as much information as possible should remain accessible to the public and no more should be sealed than absolutely necessary. For instance, a document that contains two confidential words on one page should be available to the public with only those two words redacted. The Court will, upon sufficient particularized showings, consider sealing documents currently on the pre-remand docket and allowing the proposed redacted replacements to be filed in their places.

Finally, the Court notes that the Ninth Circuit expressed a strong preference (Dkt. No. 214) that sealing requests presented here as part of this limited remand should be done by stipulation, and by

ORDER – 3

opposed motions to seal only if a stipulation absolutely could not be reached. This Court echoes that preference. The parties are hereby ORDERED to submit a proposed schedule for submitting stipulations regarding sealing, and if necessary, motions to seal. Any adversarial motions to seal must be filed as a *joint submittal*, with all parties' positions as to each sealing or redaction request contained in a single document. A printed courtesy copy of all stipulations and jointly submitted motions, along with any associated material to be reviewed *in camera* (*e.g.*, the actual redaction proposals), shall be submitted to the Court in clearly labeled 3-ring NOTEBOOKS, with TABS, tables of contents, and other organizing aids as necessary by 10:30 a.m. on the morning after filing. Alternatively, if there will be no further requests to seal either by stipulation or by motion and joint submittal, the parties are ORDERED to notify the Court that no issues regarding sealing pre-remand documents remain on this limited remand by posting a notice to that effect on the docket.

The schedule for stipulations and joint submittals on disputed motions or the notification that no further requests to seal pre-remand documents will be made shall be due no later than 10 court days from the date of this Order.

**B.     Remand Documents**

The Court now turns to Plaintiff's requests to seal documents filed in conjunction with this limited remand proceeding (*i.e.*, Dkt. Nos. 179–214). Plaintiff has filed entire sections of his briefing and exhibits under seal. The Court will address each document separately. Where the Court determines that a document filed under seal in its entirety excessively curtails public access, the approach outlined *supra* section I.A with respect to pre-remand sealing and redaction requests will govern any necessary replacements of sealed material with redacted unsealed versions.

**(1)     Request to File Appendix 3 Ex Parte and Under Seal**

Plaintiff seeks to file Appendix 3 (*see* placeholder at Dkt. No. 181) to his submittal on remand both ex parte and under seal. Appendix 3 corresponds to Exhibits 20 and 33 as filed in the Ninth Circuit. Plaintiff has submitted these four pages of documents to the Court *in camera*, along with an explanation

ORDER – 4

of why they should remain ex parte and under seal. Upon careful review, the Court finds that these documents are protected by the attorney–client privilege and attorney work product doctrine, because they are correspondence between counsel and client and notes from the client's file. Defendants' objections to their ex parte and under seal designations are OVERRULED, and Appendix 3 in its entirety will remain "EX PARTE UNDER SEAL" in this Court's record.

**(2)     Request to File Appendix 5 Under Seal**

Plaintiff seeks to file Appendix 5 (*see* placeholder at Dkt. No. 181, as well as Dkt. Nos. 184–193) to his submittal on remand under seal. This is a voluminous set of documents, and the Court will address the various parts and exhibits separately. "Exhibit" numbers refer to those exhibits filed with the Ninth Circuit and included in Appendix 5.

Defendants concede that Exhibits 9, 11, 24, 25, 31, and 34 should remain under seal. Exhibits 9 and 11 relate to Plaintiff's former employment. Exhibit 24 includes excerpts from Defendant Lumera's company policy books. Exhibit 25 relates to personnel files of other Lumera employees. Exhibit 31 refers to Plaintiff's medical condition. Exhibit 34 relates to internal Lumera operations. The Court finds these requests to seal justified. Accordingly, the requests to seal these documents are GRANTED.

Defendants object to Plaintiff's filing under seal the remainder of the papers in Appendix 5. As to these, the Court finds the following, noting at the outset that *no* particularized requests to seal were made, and that Plaintiff simply designated entire documents as "sealed" in conjunction with his blanket request that the Court allow these documents to remain sealed on the docket on remand.

(a)     "Appellant's Motion to Remand the Plaintiff's Motion to Retax Costs, or for Sealing & Determination by this Court" is a brief containing almost all legal argument and procedural history. Plaintiff has pointed to no confidential information therein that should be sealed. Accordingly, the motion to seal is DENIED. Plaintiff is ORDERED to file this document on the docket unsealed in its entirety. Such filing shall link to the sealed version for identification.

(b)     Plaintiff's "Motion to Retax Costs" (Attachment 1 to item (a) above) also contains mostly

ORDER – 5

legal and factual argument.  However, to the extent that it refers to information designated ex parte and sealed (Dkt. Nos. 143, 144) pursuant to this Court's Order (Dkt. No. 152), it does contain content that may be sealed.  Moreover, to the extent that this document contains information otherwise justified as sealed, limited redactions may be approved.  However, sealing the entire document is overbroad.  Plaintiff is ORDERED to submit a proposed redacted version of this document for filing on this Court's docket unsealed, along with a particularized justification for each and every redaction request.  This filing must be prepared jointly and contain a statement of Defendants' objections to the redactions, if any.  The Court will then rule on the requests to seal the identified information and direct the posting of an unsealed version of the document on the Court's electronic docket.

(c)     Plaintiff's Declaration in support of his Motion to Retax Costs contains mostly exhibit identification and narrative.  Such information need not be sealed, and sealing this entire document is overbroad.  Plaintiff is ORDERED to submit a proposed redacted version of this document for filing on this Court's docket unsealed, along with a particularized justification for each and every redaction request.  This filing must be prepared jointly and contain a statement of Defendants' objections to the redactions, if any.  The Court will then rule on the requests to seal the identified information and direct the posting of an unsealed version of the document on the Court's electronic docket.

(d)     Exhibit 1 relates to the parties' mediation and may remain sealed.  Accordingly, the request to seal is GRANTED.

(e)     Exhibit 2 is a letter between counsel in this case and need not be sealed in its entirety.  Plaintiff is ORDERED to submit a proposed redacted version of this document for filing on this Court's docket unsealed, along with a particularized justification for each and every redaction request.  This filing must be prepared jointly and contain a statement of Defendants' objections to the redactions, if any.  The Court will then rule on the requests to seal the identified information and direct the posting of an unsealed version of the document on the Court's electronic docket.

(f)     Exhibits 3 and 4 are Internet printouts of the text of Orders of this Court that were not

ORDER – 6

originally filed as sealed on the Court's docket. Accordingly, the motion to seal them as exhibits is DENIED. Plaintiff is ORDERED to file these documents on the docket unsealed in their entireties because the format of these versions of this Court's Orders is not identical to the Orders on the docket. Such filing shall link to the sealed versions for identification.

(g)  Exhibits 5, 6, and 7 are letters between the parties that do not contain any confidential information. Accordingly, the motion to seal them is DENIED. Plaintiff is ORDERED to file these documents on the docket unsealed in their entireties. Such filing shall link to the sealed versions for identification.

(h)  Exhibits 8 and 26 are e-mail exchanges between counsel, the sealing of which is overbroad. Plaintiff is ORDERED to submit proposed redacted versions of these documents for filing on this Court's docket unsealed, along with a particularized justification for each and every redaction request. This filing must be prepared jointly and contain a statement of Defendants' objections to the redactions, if any. The Court will then rule on the requests to seal the identified information and direct the posting of unsealed versions of the documents on the Court's electronic docket.

(i)  Exhibits 10, 17, 18, 19, 22, 23, 28, 30, and 32 are excerpts of depositions not designated confidential. Accordingly, the motion to seal them is DENIED. Plaintiff is ORDERED to file these documents on the docket unsealed in their entireties. Such filing shall link to the sealed versions for identification.

(j)  Exhibits 12 and 13 are resumes that may remain sealed. Accordingly, the request to seal them is GRANTED.

(k)  Exhibits 14, 15, and 16 are correspondence between Plaintiff and various employers, the entire sealing of which is overbroad. Plaintiff is ORDERED to submit proposed redacted versions of these documents for filing on this Court's docket unsealed, along with a particularized justification for each and every redaction request. This filing must be prepared jointly and contain a statement of Defendants' objections to the redactions, if any. The Court will then rule on the requests to seal the

ORDER – 7

identified information and direct the posting of an unsealed version of the document on the Court's electronic docket.

(*l*) Exhibits 21, 27, and 29 are written discovery exchanged between the parties, the entire sealing of which is overbroad. Plaintiff is ORDERED to submit proposed redacted versions of these documents for filing on this Court's docket unsealed, along with a particularized justification for each and every redaction request. This filing must be prepared jointly and contain a statement of Defendants' objections to the redactions, if any. The Court will then rule on the requests to seal the identified information and direct the posting of an unsealed version of the document on the Court's electronic docket.

(m) Attachments 2 and 3 include copies of a Minute Order (Dkt. No. 173) and the parties' Protective Order (Dkt. No. 14) entered by this Court, neither of which were originally filed as sealed, as well as a printout of the docket sheet in this case. The motion to seal these documents is DENIED. However, because the Orders are already on the docket and the docket sheet is publicly accessible, Plaintiff need not refile these documents as unsealed.

**(3)  Request to File Appendix 11, Part 3 Under Seal**

Plaintiff seeks to file as Appendix 11, Part 3 (*see* Dkt. No. 200) an Order of this Court (Dkt. No. 126) as a sealed exhibit when the Order itself was not filed as sealed originally. The motion to seal this document is DENIED. However, because the Order is already on the docket, Plaintiff need not refile this document as unsealed.

**(4)  Request to File Appendix 18(b) Under Seal**

Plaintiff seeks to file his Declaration in support of his Reply filed with the Ninth Circuit (*see* Dkt. No. 203) under seal. This document contains mostly narrative that refers to the existence of "confidential information" without revealing what that confidential information is. Such statements need not be sealed, and sealing this entire document is overbroad. Plaintiff is ORDERED to submit a proposed redacted version of this document for filing on this Court's docket unsealed, along with a particularized

ORDER – 8

justification for each and every redaction request. This filing must be prepared jointly and contain a statement of Defendants' objections to the redactions, if any. The Court will then rule on the requests to seal the identified information and direct the posting of an unsealed version of the document on the Court's electronic docket.

**(5)   Procedure**

Where the Court has granted a request to seal, the document will remain on the Court's docket sealed and no further action is required.

Where the Court has denied a request to seal and ordered Plaintiff to file the document on the docket unsealed in its entirety, Plaintiff must do so within 3 court days of the date of this Order.

Where the Court has found a sealing request to be overbroad and ordered proposed redactions, the parties shall file on the docket an itemized summary of proposed redactions and the extent of their agreement. In addition, a printed courtesy copy of all redaction requests and complete justifications shall be submitted to the Court for *in camera* review in clearly labeled 3-ring NOTEBOOKS, with TABS, tables of contents, and other organizing aids as necessary, by 10:30 a.m. on the morning after filing the summary. The parties are hereby ORDERED to submit a proposed schedule for submitting these redaction requests. Such schedule is due no later than 10 court days from the date of this Order and may coincide with the schedule, if any, regarding pre-remand documents.

Having determined which documents will be considered as sealed, ex parte sealed, redacted, or publicly accessible exhibits and motion papers on Plaintiff's motion to retax costs, the Court now turns to the merits of that motion.

## II.   MOTION TO RETAX COSTS

As an initial matter, Plaintiff's motion to strike (Dkt. Nos. 211, 212) Defendants' substantive briefing on the taxation of costs is DENIED. Plaintiff's position that Defendants' filings were untimely in the Ninth Circuit has no bearing on their timely presentation here, both (1) as part of the voluminous and comprehensive Appendix to Plaintiff's motion (Dkt. Nos. 180–204) that was first filed in this Court

ORDER – 9

following the Ninth Circuit's initial limited remand Order and (2) in Defendants' Opposition brief filed in this Court (Dkt. No. 206) as a proper responsive pleading within the time limits imposed by this Court's Local Rules, and which is substantially similar to Defendants' papers filed with the Ninth Circuit. Accordingly, the Court will consider all parties' substantive positions and the Court declines to exclude any briefing on the basis of irrelevant timeliness objections.

Motions to retax costs are governed by Federal Rule of Civil Procedure 54(d)(1), which provides:

> [C]osts other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . . Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

FED. R. CIV. P. 54(d). This rule creates a presumption in favor of awarding costs to the prevailing party, which can only be overcome when the Court exercises its discretion to disallow costs for specific reasons, which may include punishing misconduct by the prevailing party or nonpunitive but compelling equitable justifications. *Ass'n of Mexican-Am. Educators v. Cal.*, 231 F.3d 572, 591–93 (9th Cir. 2000). The losing party bears the burden of establishing why costs should not be awarded. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003). In an "ordinary case," costs will be awarded, and if the losing party meets its burden, the Court must take care to justify a decision *not* to award costs in spite of the presumption. *Ass'n of Mexican-Am. Educators*, 231 F.3d at 593. Significantly, there is no converse requirement that the Court specify the reasons for which it has chosen to abide by the presumption and award costs. *Save Our Valley*, 335 F.3d at 945.

Here, Defendants prevailed on summary judgment (March 2, 2006 Order (Dkt. No. 155)) and this Court denied Plaintiff's motion for reconsideration of the disposition of his claims (April 7, 2006 Order (Dkt. No. 169)). Defendants timely moved for costs as the prevailing parties (Dkt. Nos. 160, 164), and the Clerk of the Court taxed the requested amount of $6,748.27 (Dkt. No. 170) over Plaintiff's objections (Dkt. No. 167). This Court considers the issue *de novo* pursuant to Plaintiff's motion to retax costs.

ORDER – 10

In addition to arguing that even if their costs are technically allowed Defendants should not be awarded their costs as an equitable matter, Plaintiff objects to various specific items for which Defendants were awarded costs. The Court addresses first whether Defendants' costs, as taxed by the Clerk, are statutorily allowable.

In a civil case, taxation of fees and costs is provided for by federal statute, as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920. Defendants' Amended Bill of Costs (Dkt. No. 165) requested a total of $6,748.27, broken down as follows: "Fees of the clerk" in the amount of $150.00, pursuant to *id.* § 1920(1) for the filing fee associated with removing this action from state court; "Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case" in the amount of $5,618.15, pursuant to *id.* § 1920(2) and itemized by deposition in Exhibit A (Dkt. No. 166); "Fees and disbursements for printing" in the amount of $39.90, pursuant to *id.* § 1920(3) and itemized in Exhibit B (Dkt. No. 166); "Fees for witnesses" in the amount of $65.22, pursuant to *id.* § 1920(3) and itemized as required for the attendance of Sheila Hadersberger ($40.00) and her mileage ($25.22); and "Costs incident to taking of depositions" in the amount of $875.00, which are itemized in Exhibit C (Dkt. No. 166) as court reporter appearance fees, delivery, handling, and shipping costs.

The only specific statutory objections presented by Plaintiff are to the first ("Fees of the clerk") and last ("Costs incident to taking of depositions") items. As to the first objection, Plaintiff argues that the "docket fee" maximum is $20.00 pursuant to § 1923(a). This objection fails, because the filing fee is a fee of the clerk under § 1920(1) which contains no monetary parameters. As to the second statutory

ORDER – 11

objection, Plaintiff argues that costs incident to depositions are not specifically enumerated in § 1920 and therefore should not be allowed. However, the Ninth Circuit has specifically held that explicit enumeration in § 1920 is not a prerequisite to allowance of a cost, reasoning that "courts are free to interpret what constitutes taxable costs" under the statute. *Alflex Corp. v. Underwriters Laboratories, Inc.*, 914 F.2d 175, 177 (9th Cir. 1990). The Court finds that court reporters' "appearance fees" and "delivery" or "shipping" fees are encompassed in the phrase "Fees of the court reporter." 28 U.S.C. § 1920(2). Without the court reporter's appearance at a deposition, there would be no transcript to print, deliver, handle, or ship. Accordingly, this objection fails as well.

As to Plaintiff's arguments that depositions were not "necessarily obtained," he fails to cite which depositions were supposedly *un*necessarily obtained and he fails to support his argument that defense witness depositions should not be taxable. Moreover, the Court now specifically finds that the billed depositions were necessarily obtained and the costs are properly taxed under § 1920. *Alflex Corp*, 914 F.2d at 176–78. Plaintiff's objections to the electronic as well as paper transcript costs fail as well. This Court finds that both types of transcripts were necessarily obtained and may be taxed to the losing party. *Id.* Moreover, at $35.00 apiece (with the exception of one at $40.00), these electronic transcripts account for no more than $355.00 of the total cost of transcripts ($5,618.15). The same "necessarily obtained" finding applies to Plaintiff's objection to the $25.00 audiosync file of his own deposition. *Id.* Accordingly, the Court finds all taxed costs related to depositions to be proper under § 1920. Finally, the Court notes that Plaintiff appears to have abandoned his objection to the per-page costs of depositions upon Defendants' explanation of the court reporter's standard billing practices. (*See* Appendix 18(a) (Reply brief).)

Having found that all of the costs taxed by the Clerk of the Court were statutorily justified, the Court moves on to Plaintiff's argument that, nevertheless, costs should be denied due to Defendants' alleged discovery misconduct, bad faith, and violation of confidentiality constraints, as well as Defendants' alleged failure to pay Plaintiff's "due bonuses earned before his wrongful termination."

ORDER – 12

As to Plaintiff's allegations that Defendants deliberately violated the protective orders (Dkt. Nos. 14, 54, 126) in this case by failing to file documents under seal, the Court finds that there is no evidence of intentional failure to seal. All instances were either inadvertent publications of private information or situations where the propriety of sealing is debatable, as discussed at length *supra* part I. The remedy for these errors is to seal records that should be sealed, as this Court intends to do, not to deny costs to the prevailing party in this litigation. This conclusion is particularly justified in light of Plaintiff's failure to file any motions to seal the allegedly willfully published documents during the course of this litigation or to bring objections to the Court's attention in any other context prior to this limited remand.

As to Plaintiff's allegation that Defendants violated the parties' mediation agreement, the Court finds that there is no evidence that Defendants sought or used evidence protected by the mediation agreement. Likewise, the Court finds Plaintiff's "bad faith" arguments regarding Defendants' legal defenses and alleged "coaching" of witnesses unpersuasive and/or incorrect. Plaintiff's claim that discovery in this case was overbroad and/or abusive is meritless and, in any event, should have been addressed *during discovery*, not now. Moreover, the Court entered numerous orders tailoring the scope of discovery in this case and the Court refuses to revisit those issues in this post-disposition context. Plaintiff's allegations of witness and evidence tampering and false declarations are similarly meritless. Finally, Plaintiff's suggestion that he was entitled to unpaid bonuses that should be offset by a refusal to award costs to Defendants is irrelevant and unconvincing, particularly because his entitlement to a bonus would go to his damages if he would have been the prevailing party, not to Defendants' entitlement to costs in this posture.

For the foregoing reasons, the Court finds that Plaintiff has failed to make any statutory or equitable showing that can overcome the presumption in favor of awarding Defendants' allowable costs. Plaintiff's motion to retax costs is therefore DENIED and this issue on remand is hereby resolved.

### III.  CONCLUSION

The parties are ORDERED to file the documents required in part I *supra* as instructed therein so

ORDER – 13

1  that the Court may proceed to complete this limited remand.

2  SO ORDERED this 22nd day of May, 2007.

3  /s/ John C. Coughenour
   John C. Coughenour
4  United States District Judge

26  ORDER – 14